**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TERRI A. HAMPTON,

    Plaintiff,

v.

SECRETARY, DEPARTMENT OF TREASURY, et al.,

    Defendants.

Case No. 1:18-cv-304

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On May 8, 2018, Plaintiff Terri Hampton filed this employment discrimination action against the Secretary of the Department of Treasury. (Doc. 1, 4). Through counsel, Plaintiff filed an amended complaint on September 4, 2019. (Doc. 12).

On October 4, 2018, the Secretary of the Department of Treasury moved to dismiss all claims in the amended complaint with prejudice, for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted. (Doc. 13). Plaintiff was provided with several extensions of time in which to respond to that motion. However, in November 2018, Plaintiff's attorney moved to withdraw based upon a loss of communication and a fundamental disagreement that "irretrievably undermined the trust and confidence essential to the continuation of the attorney-client relationship." (Doc. 17). After granting counsel's motion to withdraw, the Court convened a telephone conference in an effort to advise Plaintiff of her duty to respond pro se to

1

Defendant's pending motion to dismiss. Plaintiff failed to call in to the telephonic conference as required. The Court next issued a written "Order to Show Cause," affording Plaintiff sixty (60) additional days, until May 6, 2019, in which to file her long-overdue response to the Defendant's pending motion. The March 5, 2019 Order expressly warned Plaintiff that her failure to comply with the Order "will result in a Report and Recommendation to the District Judge that the pending motion be granted." (Doc. 20). For the second time, Plaintiff failed to comply with an Order of this Court by failing to file any timely response.

The undersigned has carefully reviewed the Defendant's motion to dismiss, and finds the arguments to be persuasive on the grounds articulated by the Defendant. Therefore, the Court should dismiss the Plaintiff's claims under Title VII, the Rehabilitation Act and the ADEA and for retaliation (Counts I, II, IV and V of the Amended Complaint) based upon her failure to exhaust her administrative remedies and failure to state a claim upon which relief may be granted. In addition, the Court should dismiss Plaintiff's FMLA claims and any retaliation claims regarding her suspension for failure to include sufficient factual matter to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Accordingly**, IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc.13) be **GRANTED**, and that this case be dismissed for the reasons stated.

 *s/ Stephanie K. Bowman*
 Stephanie K. Bowman
 United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRI A. HAMPTON,

    Plaintiff,

v.

SECRETARY, DEPARTMENT OF TREASURY, et al.,

    Defendants.

Case No. 1:18-cv-304

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).